# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| J&J SPORTS PRODUCTIONS, INC., | § | |
| as Broadcast Licensee of the Nov. 13, 2010, | § | |
| "Tactical Warfare": Pacquiao/Margarito | § | |
| Fight Progam | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-13-3322 |
| | § | |
| HECTOR GARCIA, a/k/a HECTOR ALVAREZ | § | |
| GARCIA, Individually and d/b/a SOL MEXICAN | § | |
| CAFÉ and d/b/a SOL, | § | |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM OPINION & ORDER

Pending before the court is defendant Hector Garcia's motion to dismiss (Dkt. 6) and plaintiff J&J Sports Production Inc.'s motion to strike affirmative defenses (Dkt. 9). After considering the motions, responses, and applicable law, the court is of the opinion that the motion to dismiss should be DENIED and the motion to strike should be GRANTED in part and DENIED in part.

## I. BACKGROUND

Plaintiff, J&J Sports Production, Inc. ("J&J Sports") was the license company exclusively authorized to sub-license the closed-circuit telecast of the November 13, 2010, "Tactical Warfare": Manny Pacquiao v. Antonio Margarito, WBO Light Middleweight Championship Fight Program, including undercard or preliminary bouts (collectively the "Event"), at commercial closed-circuit locations throughout Texas. Dkt. 1 at 2. In Texas, the closed-circuit broadcast of the Event could only be exhibited in a commercial establishment if the establishment was contractually authorized to do so by J&J Sports. *Id.* Defendant, Hector Garcia ("Garcia") is an individual residing in the

State of Texas.  *Id.* at 1.  Garcia was the owner of Sol Mexican Café (the "Establishment").  *Id.*  On

November 13, 2010, Garcia allegedly exhibited the Event to patrons at the Establishment.  *Id*. at 3.

J&J Sports claims that Garcia's exhibition of the Event was unauthorized because he did not

obtain a license.  *Id.* at 4.  J&J Sports asserts claims under 47 U.S.C. §§ 553 and 605 of the Federal

Communications Act ("FCA") for Garcia's alleged unauthorized exhibition of the Event.  *Id*.  J&J

Sports seeks statutory damages, injunctive relief, attorneys' fees, and costs against Garcia.  *Id.* at 4-5.

Garcia filed a motion to dismiss J&J Sports's complaint on statute of limitations grounds.  Dkt. 6.

Garcia also answered the complaint asserting several affirmative defenses.  *Id.* at 4-6.  J&J Sports

filed a motion to strike Garcia's affirmative defenses.  Dkt. 9.  The court will address the motions

in turn.

## II. ANALYSIS

### A. *Motion to Dismiss*

Garcia filed a Rule 12(b)(6) motion claiming J&J Sports's complaint was filed after the

expiration of the statute of limitations.  Garcia argues that the appropriate statute of limitations

period for the FCA claims should be two years.  J&J Sports maintains that a three year statute of

limitations is applicable and that its complaint was timely.  Garcia concedes that if the three year

statute of limitations from the Copyright Act applies, J&J Sports's complaint was timely filed by two

days.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what

the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

545, 127 S. Ct. 1955 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99 (1957)).  When

considering a 12(b)(6) motion, a court must accept the factual allegations contained in the complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). Further, the court does not look beyond the face of the complaint to determine whether the plaintiff has stated a claim under Rule 12(b)(6). *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 554 (internal citations omitted). Factual allegations must be plausible enough to "raise a right to relief above the speculative level." *Id.* Additionally, "[a] statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2002).

J&J Sports brings claims under Sections 553 and 605 of the FCA. The FCA does not specify a statute of limitations for actions by licensees such as J&J Sports. *Prostar v. Massachi*, 239 F.3d 669, 671 (5th Cir. 2001). When no statute of limitations is provided, the general rule is to adopt one from the closest state-law analogue. *N. Star Steel Co. v. Thompson*, 515 U.S. 29, 33, 115 S. Ct. 1927 (1995). However, a statute of limitations from an analogous federal law may be used where the application of state law would "frustrate or interfere with the implementation of national policies . . . or be at odds with the purpose or operation of federal substantive law." *Id.* at 34 (citations omitted). "Under such circumstances, a court must decide whether 'a federal statute of limitations for another cause of action better reflect[s] the balance that Congress would have preferred between the substantive policies underlying the federal claim and the policies of repose.'" *Prostar*, 239 F.3d

3

at 672 (quoting *Wilson v. Garcia*, 471 U.S. 261, 270, 105 S. Ct. 1938 (1985)).  Federal law should only apply when it "clearly provides a closer analogy than available state statutes, and when the federal policies at stake and the practicalities of litigation make that rule a significantly more appropriate vehicle for interstitial law making."  *North Star*, 515 U.S. at 35 (citations omitted).

In *Prostar*, the Fifth Circuit considered whether the Copyright Act's three year statute of limitations period applied to FCA claims.  *Prostar*, 239 F.3d at 678.  It explained the appropriate analysis when Congress has not established a statute of limitations for federal causes of action:

> First, courts must "characterize the essence" of the statute in question to determine which state cause of action is most analogous.  Second, courts must determine whether application of the state limitations period would frustrate the policies underlying the federal law or impede its practical implementation.  If a state limitations period would not generate such adverse consequences, then the state limitations period applies and our inquiry is concluded.  However, if a conflict is apparent, then courts must examine whether the federal interest in uniformity mandates the application of an analogous federal standard.  This third level of analysis requires courts to examine whether federal law affords a closer analogy than state law.

*Id.* at 672–73.  The court held that applying the statute of limitations for the most analogous Louisiana law would hinder the implementation of the FCA.  *Id*. at 676.  Specifically, because cable companies engage in multi-state activities, an application of different limitations periods in each of the fifty states would force companies "to make fifty separate decisions in their effort to investigate and pursue cable piracy."  *Id*. at 676-77.  Thus, "[a] single federal standard would eliminate these practical difficulties, facilitating resolution of the national problems addressed by the FCA."  *Id.* at 677.

Garcia argues that *Prostar* should not apply to this case because the Texas Theft Liability Act and the Texas Wiretapping Act, both of which have two year statute of limitations periods, are closer

analogues to the FCA than the Louisiana statute considered in *Prostar*. J&J Sports maintains that *Prostar* is binding precedent and cites to numerous cases applying the *Prostar* ruling to the Texas piracy statutes. J&J Sports insists that the federal interest in uniformity requires the consistent use of the Copyright Act's three year limitations period. Further, J&J Sports contends that even without considering the interest in federal uniformity, *Prostar* would still apply because the Texas piracy laws are not sufficiently analogous to the FCA.

The court agrees with J&J Sports that it is not at liberty to ignore binding Fifth Circuit precedent. All of the Texas district courts that have considered the applicable limitations period for FCA actions under Sections 553 and 605 have concluded that *Prostar* is binding and that the Copyright Act's three year statute of limitations applies. *See J&J Sports Prods., Inc. v. Guerra*, No. 4:12–CV–945, 2012 WL 5381787, at *5 (S.D. Tex. Oct. 31, 2012) (collecting cases). While the court agrees that the Texas statutes in this case may provide closer analogues than the Louisiana statute considered in *Prostar*, it is not convinced that this alone would lead to the application of a two year statute of limitations period. Garcia has not shown that the statutes are sufficiently similar, or that such similarities would outweigh the FCA's interest in uniformity. As such, the court must follow Fifth Circuit precedent and finds that the applicable statute of limitations is three years. Thus, J&J Sports's complaint was timely filed, and Garcia's motion to dismiss is denied.

### B.    *Motion to Strike Affirmative Defenses*

In his answer, Garcia asserts several affirmative defenses, including limitations, laches, privilege and fair right of use, and duplicative claims. J&J Sports filed a motion to strike all of Garcia's affirmative defenses. "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A defendant must

5

"plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." FED. R. CIV. P. 8(c); *Rogers v. McDorman*, 521 F.3d 381, 385 (5th Cir. 2008) (quoting *Woodfield v. Bowman,* 193 F.3d 354, 362 (5th Cir. 1999)).

### 1.    Limitations

J&J Sports moves to strike Garcia's statute of limitations defense, arguing its complaint was timely filed under the applicable statute of limitations.  Because the court has determined that the applicable statute of limitations is three years and J&J Sports's complaint was timely filed, the court will grant J&J Sports's motion to strike Garcia's limitations defense.  Under Rule 12(f), this affirmative defense is no longer pertinent to this case.

### 2.    Laches

Alternatively, Garcia asserts a laches defense.  Garcia explains that J&J Sports's complaint was filed one day short of the end of the limitations period and that witnesses and records related to the exhibition of the Event have been lost because of this lapse of time.  J&J Sports argues that there is a strong presumption against the application of laches when the cause of action is filed within the statute of limitations, and that Garcia's pleading fails to overcome this presumption.  To establish that a cause of action is barred by laches, the defendant must show:  (1) a delay in asserting the right or claim; (2) that the delay was not excusable; and (3) that there was undue prejudice to the defendant. *Johnson v. Crown Enters., Inc.,* 398 F.3d 339, 344 (5th Cir. 2005) (quoting *Goodman v. Lee,* 78 F.3d 1007, 1014 (5th Cir. 1996)).  When both equitable and legal relief are requested, the equitable claim can still be barred by laches even if the legal claim is not barred by the statute of limitations. *Nilsen v. City of Moss Point, Miss.*, 674 F.2d 379, 388 (5th Cir. 1982).  Because J&J Sports seeks injunctive relief in addition to damages, the court finds that Garcia may assert a laches

6

defense and that it has been plead with sufficient particularity to provide fair notice to J&J Sports. J&J Sports's motion to strike Garcia's laches defense is denied.

3.     *Privilege and Fair Right of Use*

Garcia pleads as an affirmative defense privilege and fair right of use.  Specifically, Garcia asserts that he obtained a license to view the event and is therefore not liable.  J&J Sports claims that the fair use doctrine is not applicable to FCA claims. The fair use doctrine is available as an affirmative defense to copyright infringement claims when the defendant uses copyrighted material for criticism, comment, news reporting, teaching, scholarship, or research.  17 U.S.C. § 107; *see Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 576, 114 S. Ct. 1164 (1994) (outlining the fair use doctrine).  While no court in the Fifth Circuit has considered whether the fair use doctrine applies to FCA claims, other courts have concluded that defenses for copyright infringement claims are not applicable to FCA claims.  *See J&J Sports Prods., Inc. v. Barwick*, 5:12-CV-05284-LHK, 2013 WL 2083123, *5 (N.D. Cal. May 14, 2013); *Joe Hand Promotions, Inc. v. Nguyen*, 11-CV-04745-RMW, 2012 WL 1183738, *3 (N.D. Cal. Apr. 6, 2012).  Although the fair use doctrine is not applicable to FCA claims, Garcia may pursue his factual defense under the safe harbor exception of Section 553 of the FCA.  *See J&J Sports Prods., Inc. v. Mandell Family Ventures, L.L.C.*, 2014 WL 1757307, *2 (5th Cir. May 2, 2014).  However, as pled, the court must strike Garcia's privilege and fair right of use defense.

4.     *Duplicative Claims:  Sections 553 and 605*

Garcia argues that J&J Sports's claims under Sections 553 and 605 are duplicative and that J&J Sports may elect only one section for recovery.  J&J Sports maintains that it is not required to plead the two statutes alternatively, but that it is permitted to plead both simultaneously because of

7

their overlap.  "A party may state as many separate claims or defenses as it has, regardless of consistency."  FED. R. CIV. P. (8)(d)(3).  Specifically pertaining to Sections 553 and 605, one court has held that the pleading of both statutes is permitted, but the plaintiff is required to address whether Section 553, Section 605, or both apply prior to the award of any damages.  *J&J Sports Prods., Inc. v. Live Oak Cnty. Post No. 6119 Veterans of Foreign Wars*, CIV A C-08-270, 2009 WL 483157, *4 n.3 (S.D. Tex. Feb. 24, 2009).  The court finds that duplicative claims is not an affirmative defense, and that J&J Sports is therefore permitted to plead both Sections 553 and 605 of the FCA.  J&J Sports's motion to strike Garcia's duplicative claims affirmative defense is granted.

## IV. CONCLUSION

For the foregoing reasons, Garcia's motion to dismiss (Dkt. 6) based on statute of limitations is DENIED.  The Copyright Act's three year statute of limitations applies in this case.  Further, J&J Sports's motion to strike Garcia's affirmative defenses (Dkt. 9) is GRANTED in part and DENIED in part.  The court hereby strikes Garcia's affirmative defenses of limitations, privilege and fair right of use, and duplicative claims.

It is so ORDERED.

Signed at Houston, Texas on June 17, 2014.

_____
Gray H. Miller
United States District Judge